B. E. FRAZIER ET AL. V. GEORGE ROBERTSON.

A petition alleging that A. B., the principal, made, executed and delivered a promissory note to plaintiff, and that C. D., the surety, signed the same as surety, and referring to a joint and several promissory note, signed by both parties, annexed to and made part of the petition, presents a good cause of action.

ERROR from Guadalupe. Tried below before the Hon. Henry Maney.

Robertson brought suit on a joint and several promissory note, signed by Frazier and Roberts, alleging in the petition that " on the twenty-third of October, 1862, B. E.

33

Frazier, being indebted to petitioner, did, for a valuable consideration, make, execute, and deliver to petitioner his promissory note for the sum of $125, and did promise to pay the same six months after the date thereof, with interest;    \*     \* .    \*    that said Roberts signed said note as surety of said Frazier—all of which will appear by reference to said note, hereto attached."

The note was in the usual form of a joint and several promissory note, and signed by both Frazier and Roberts and payable to Robertson.

Judgment by default was rendered for the amount of the note. The defendants sued out a writ of error, and assign errors—

1. There is no allegation that Roberts executed the note to plaintiff.

2. There is no allegation of a consideration binding upon Roberts.

*W. E. Goodrich*, for plaintiffs in error, cited 4 Texas, 452, Jennings v. Moss; 4 Texas, 461, Frazier v. Todd; 20 Texas, 134, Blount v. Ralston; 22 Texas, 610, Malone v. Craig; 28 Texas, 545, Móody v. Benge & Jewell; 29 Texas, 89, Gilder v. McIntyre.

*James H. Burts* and *W. H. Burgess*, for defendant in error.

WALKER, J.—The petition in this case avers that Frazier is the principal in the note sued on.

The note itself is set out, and is in the form of a joint and several note.

The judgment is against Frazier and J. C. Roberts, who bring the case to this court by writ of error.

Roberts does not complain that the judgment is against him as a principal. The errors assigned allege that there is no averment that Roberts executed and delivered the

note sued on, and the petition contains no allegation that he signed the note.

The plaintiffs in error refer the court to Jennings v. Moss, and Frazier v. Todd, 4 Texas, 452, 5 Texas, 461.

We think that these authorities support the petition, and that it is good; and the judgment is therefore affirmed.

AFFIRMED.